UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                    :

    - v -                                   :       SEALED
                                                    INDICTMENT
                                            :                        **648**
ADEWUNMI SHINABA,                                   S3 06 Cr.
    a/k/a "Shaba,                           :

              Defendant.                    :

- - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  AUG 0 2 2006

                    COUNT ONE

                   (Conspiracy)

        The Grand Jury charges:

                    Background

        1.   At certain times relevant to this Indictment,
ADEWUNMI SHINABA, a/k/a "Shaba," the defendant, resided in or
frequented locations in the Bronx, New York, where he would
associate with other co-conspirators not named as defendants
herein.

        2.   At certain times relevant to this Indictment,
Linus Baptiste, a co-conspirator not named as a defendant herein,
resided in New Rochelle, New York, and frequented locations in
the Bronx, New York, where he associated with ADEWUNMI SHINABA,
a/k/a "Shaba," the defendant, and other co-conspirators not named
as defendants herein.

        3.   At all times relevant to this Indictment, Teledata
Communications, Inc. ("TCI") was a computer technology company
that provided its customers (typically other businesses) with

computerized access to the major commercial credit bureaus,
including Experian Information Solutions, Inc. ("Experian"),
Equifax Information Services, LLC ("Equifax"), and Trans Union
LLC ("Trans Union") (collectively, the "Credit Bureaus").  TCI
customers paid to be able to access the Credit Bureaus'
computerized databases in order to obtain credit histories for
that customer's consumers.  Using TCI software, confidential
passwords and unique subscriber codes, TCI customers were able to
access the Credit Bureaus automatically and download individual
consumers' credit histories for purposes of their ongoing
business needs.

        4.    At all times relevant to this Indictment, TCI
maintained a Helpline that serviced existing customers.  TCI
Helpline employees provided customer assistance to companies
that used its software and technology to access the Credit
Bureaus' credit history databases.

        5.    At certain times relevant to this Indictment,
Philip Cummings, a co-conspirator not named as a defendant
herein, worked as a TCI Helpline employee.  As a Helpline
employee, Cummings had access to TCI software, as well as various
confidential passwords and subscriber codes pertaining to TCI
customers.  At certain times relevant to this Indictment,
Cummings associated with Linus Baptiste.

2

The Scheme

6.    In or about late 1999 or early 2000, a
coconspirator not named as a defendant herein approached Linus
Baptiste and indicated that he was looking for a source of
consumer credit histories.  Baptiste agreed to assist in looking
for a source of consumer credit reports.

7.    In or about early 2000, while Philip Cummings
worked as a Help Desk employee at TCI, Linus Baptiste approached
Cummings and offered to pay money in return for Cummings
providing Baptiste with confidential consumer credit histories
illicitly.  Baptiste told Cummings that he would sell the
consumer credit reports for up to $60 each, and that he would
split the money with Cummings.  Cummings agreed to the scheme.

8.    From in or about early 2000 through in or about
the fall of 2002, after Philip Cummings and Linus Baptiste agreed
to participate in the scheme, ADEWUNMI SHINABA, a/k/a "Shaba,"
the defendant, and other co-conspirators provided Baptiste with
lists of consumers' names, addresses and/or social security
numbers.  As detailed below, Baptiste and Cummings then obtained
and provided credit reports in those consumers' names to SHINABA
and other co-conspirators in exchange for money.

9.    In or about 2000, Philip Cummings, using a laptop
computer, TCI software, and confidential passwords and subscriber
codes pertaining to TCI customers, accessed one or more of the

3

Credit Bureaus' computers illegally and downloaded credit reports in the consumers' names through telephone lines originating in New Rochelle, New York.  After downloading the reports, Cummings provided them to Linus Baptiste, who in turn provided them to ADEWUNMI SHINABA, a/k/a "Shaba," the defendant, and other co-conspirators in exchange for money.

10.  In or about 2001, after leaving TCI's employment and moving from the State of New York to the State of Georgia, Philip Cummings, without the consent of TCI, kept in his possession a list of confidential passwords and subscriber codes pertaining to TCI customers.  Cummings also provided a laptop computer to Linus Baptiste in New Rochelle, New York, pre-programmed with one or more confidential passwords and subscriber codes pertaining to TCI customers, and taught Baptiste how to access the relevant Credit Bureaus and download consumer credit reports.  Cummings did so in return for Baptiste's agreement to continue to share fees obtained from ADEWUNMI SHINABA, a/k/a "Shaba," the defendant, and the other co-conspirators.

11.  Between in or about early 2000 and in or about the fall of 2002, Philip Cummings and Linus Baptiste used numerous confidential passwords and subscriber codes pertaining to TCI customers to access Experian, Equifax and Trans Union.  The TCI customers whose confidential passwords and subscriber codes the co-conspirators compromised included branches of Ford Motor

Credit Company, Washington Mutual Finance Company and Washington
Mutual Bank, as well as the Dollar Bank in Ohio, the Sarah Bush
Lincoln Health Center in Illinois, the Personal Finance Company
in Indiana, the Medical Bureau in Florida, Vintage Apartments in
Texas, Community Bank of Chaska in Minnesota, Central Texas
Energy Supply in Texas, Account Control Bureau in Florida,
Independent Bankers Bank in Florida, KHK Scaffolding in Texas,
Citi Cards in South Dakota, and Spencer Savings Bank in
Massachusetts.

          12.  Between in or about early 2000 and in or about the
fall of 2002, Philip Cummings and Linus Baptiste, using
confidential passwords and subscriber codes, including those of
the above-mentioned entities, downloaded in the aggregate
approximately 30,000 confidential consumer credit histories.
Baptiste, in turn, provided these credit reports to ADEWUNMI
SHINABA, a/k/a "Shaba," the defendant, and other co-conspirators
in the Bronx and in Brooklyn, who in turn paid money to Baptiste.
Baptiste, in turn, shared portions of the proceeds with Cummings.

          13.  Between in or about early 2000 and in or about
early 2005, ADEWUNMI SHINABA, a/k/a "Shaba," the defendant, kept
the credit reports he had received from Linus Baptiste and Philip
Cummings and, from time to time, used those credit reports to
obtain, among other things, credit cards in the consumers' names.
SHINABA and other co-conspirators then used those credit cards to

purchase merchandise and to obtain money, and to engage in other forms of identity theft and fraud, all of which resulted in millions of dollars in losses.

14.    Between in or about early 2000 and in or about early 2005, co-conspirators, after using the fraudulently-obtained credit cards to purchase merchandise, sold that merchandise to other co-conspirators and others.

<u>The Conspiracy</u>

15.    From in or about early 2000 through in or about early 2005, in the Southern District of New York and elsewhere, ADEWUNMI SHINABA, a/k/a "Shaba," the defendant, Philip Cummings and Linus Baptiste, and others known and unknown, unlawfully, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, violations of Title 18, United States Code, Sections 1343, 1030(a)(2)(C), (c)(2)(B)(i)-(iii), 1028(a)(7), 1029(a)(2), 1029(a)(3), 2314 and 2315.

<u>The Objects of the Conspiracy</u>

16.    It was a part and an object of the conspiracy that ADEWUNMI SHINABA, a/k/a "Shaba," the defendant, Philip Cummings and Linus Baptiste, and others known and unknown, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, unlawfully, willfully

6

and knowingly, would and did transmit and cause to be transmitted
by means of wire communication in interstate and foreign
commerce, writings, signs, signals, pictures and sounds for the
purpose of executing such scheme and artifice, in a manner
affecting a financial institution, in violation of Title 18,
United States Code, Section 1343.

      17.  It was further a part and an object of the
conspiracy that ADEWUNMI SHINABA, a/k/a "Shaba," the defendant,
Philip Cummings and Linus Baptiste, and others known and unknown,
in conduct involving interstate and foreign communications,
unlawfully, wilfully, knowingly and intentionally, would and did
access a computer without authorization, and exceed authorized
access, and thereby would and did obtain information, valued at
more than $5,000, from a protected computer, as that term is
defined in Title 18, United States Code, Section 1030(e)(2), for
purposes of commercial advantage and private financial gain, and
in furtherance of criminal and tortious acts in violation of the
Constitution and the laws of the United States and of a State, in
violation of Title 18, United States Code, Section 1030(a)(2)(C)
and (c)(2)(B)(i)-(iii).

      18.  It was further a part and an object of the
conspiracy that ADEWUNMI SHINABA, a/k/a "Shaba," the defendant,
Philip Cummings and Linus Baptiste, and others known and unknown,
unlawfully, willfully and knowingly, would and did transfer,

possess and use, in and affecting interstate and foreign
commerce, without lawful authority, means of identification of
other persons with intent to commit, and to aid and abet, and in
connection with, unlawful activity that constitutes a violation
of Federal law, and that constitutes a felony under applicable
State and local laws, and as a result, would and did obtain
things of value aggregating $1,000 and more during a one-year
period, in violation of Title 18, United States Code, Section
1028(a)(7), (b)(1)(D) and (c)(3)(A).

      19. It was further a part and an object of the
conspiracy that ADEWUNMI SHINABA, a/k/a "Shaba," the defendant,
Philip Cummings and Linus Baptiste, and others known and unknown,
in an offense affecting interstate commerce, unlawfully,
willfully and knowingly, and with intent to defraud, would and
did traffic in and use one and more unauthorized access devices
during a one-year period, and by such conduct would and did
obtain things of value aggregating $1,000 and more during that
period, in violation of Title 18, United States Code, Section
1029(a)(2).

      20. It was further a part and an object of the
conspiracy that ADEWUNMI SHINABA, a/k/a "Shaba," the defendant,
Philip Cummings and Linus Baptiste, and others known and unknown,
in an offense affecting interstate commerce, unlawfully,
willfully and knowingly, and with intent to defraud, would and

did possess fifteen and more devices which were counterfeit and unauthorized access devices, in violation of Title 18, United States Code, Section 1029(a)(3).

21.  It was further a part and an object of the conspiracy that ADEWUNMI SHINABA, a/k/a "Shaba," the defendant, Philip Cummings and Linus Baptiste, and others known and unknown, would and did transport, transmit, and transfer in interstate and foreign commerce goods, wares, merchandise, securities and money, of the value of $5,000 and more, knowing the same to have been stolen, converted and taken by fraud, in violation of Title 18, United States Code, Section 2314.

22.  It was further a part and an object of the conspiracy that ADEWUNMI SHINABA, a/k/a "Shaba," the defendant, Philip Cummings and Linus Baptiste, and others known and unknown, would and did receive, possess, conceal, store, barter, sell and dispose of goods, wares, and merchandise, securities, and money of the value of $5,000 and more, which have crossed a State and United States boundary after being stolen, unlawfully converted, and taken, knowing the same to have been stolen, unlawfully converted, and taken, in violation of Title 18, United States Code, Section 2315.

<u>The Means and Methods of the Conspiracy</u>

23.  Among the means and methods by which ADEWUNMI SHINABA, a/k/a "Shaba," the defendant, Philip Cummings and Linus

Baptiste, and their co-conspirators would and did carry out the conspiracy were the following:

      a.   SHINABA and the other co-conspirators agreed with Baptiste and Cummings to participate in a large-scale scheme to steal thousands of consumers' confidential credit reports.

      b.   SHINABA and the other co-conspirators provided Baptiste with lists of consumers' names, addresses, and/or social security numbers, and Baptiste in turn agreed to provide credit reports in those consumers' names in return for approximately $60 per credit report.

      c.   In return for the illicitly obtained credit reports, SHINABA and the other co-conspirators paid money to Baptiste, which Baptiste shared with Cummings.

      d.   SHINABA and the other co-conspirators thereafter engaged in, and helped others to engage in, various forms of identity fraud and theft in those consumers' names and accounts, including obtaining credit cards in those consumers' names and using those credit cards to purchase merchandise and to obtain money, resulting in millions of dollars in losses.

      e.   Co-conspirators thereafter sold fraudulently obtained merchandise to other co-conspirators and others for money. Co-conspirators also transported fraudulently obtained merchandise across state lines and overseas to other countries.

      f.   SHINABA and his co-conspirators used

10

facilities in interstate commerce, including interstate telephone lines and interstate wire transfers, in furtherance of the objects of the conspiracy.

<u>Overt Acts</u>

24.   In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.   In or about late 1999 or early 2000, in the Bronx, New York, a conconspirator not named as a defendant herein asked Linus Baptiste to obtain consumer credit reports.

b.   In or about early 2000, Baptiste asked Philip Cummings to provide him with credit reports.

c.   In or about 2000, SHINABA and other co-conspirators met Baptiste in the Bronx, where they provided him with lists of consumers' names along with addresses and/or social security numbers, and asked him to obtain credit reports in those consumers' names.

d.   In or about 2000, using a laptop computer in New Rochelle, New York, Cummings accessed Experian in Allen, Texas through interstate telephone lines, and used a confidential password and subscriber code pertaining to a TCI customer in order to download consumer credit reports illicitly.

e.   In or about 2000, Baptiste provided

11

downloaded credit reports to SHINABA and other co-conspirators in the Bronx and Brooklyn, who paid up to $60 for each of the credit reports.

      f.   In or about 2001, SHINABA and other co-conspirators met Baptiste in the Bronx and Brooklyn where they provided him with lists of consumers' names with addresses and/or social security numbers, and asked him to obtain credit reports in those consumers' names.

      g.   In or about 2001, using a laptop computer in New Rochelle, New York, Baptiste accessed Experian in Allen, Texas through interstate telephone lines, and used a confidential password and subscriber code pertaining to a TCI customer in order to download consumer credit reports illicitly.

      h.   In or about 2001, Baptiste provided downloaded credit reports to SHINABA and other co-conspirators in the Bronx and Brooklyn, who paid up to $60 for each of the credit reports.

      i.   In or about 2001, SHINABA and other co-conspirators thereafter used the credit reports to obtain, among other things, credit cards in the names of various consumers.

      j.   In or about 2001, co-conspirators thereafter used fraudulently obtained credit cards to purchase merchandise at retail prices, such as computers, televisions and electronic equipment, from merchants in New York, New Jersey and elsewhere,

which they then sold at a reduced price to other co-conspirators.

k.    In or about 2001, co-conspirators then resold fraudulently obtained merchandise they had purchased from other co-conspirators and shipped at least some of the merchandise overseas.

l.    In or about 2002, using a laptop computer in New Rochelle, New York, Baptiste accessed Equifax in Alpharetta, Georgia through interstate telephone lines, and used a confidential password and subscriber code pertaining to a TCI customer that Cummings had provided to Baptiste, and illicitly downloaded thousands of confidential consumer credit histories.

m.    In or about 2002, Baptiste provided downloaded credit reports to SHINABA and the other co-conspirators in the Bronx and Brooklyn, who paid up to $60 for each of the credit reports.

n.    In or about 2002, SHINABA and other co-conspirators thereafter used the credit reports to obtain, among other things, credit cards in the names of various consumers.

o.    In or about 2002, co-conspirators thereafter used fraudulently obtained credit cards to purchase merchandise at retail prices, such as computers, televisions and electronic equipment, from merchants in New York, New Jersey and elsewhere, which they then sold at a reduced price to other co-conspirators.

p.    In or about 2002, co-conspirators then resold

fraudulently obtained merchandise they had purchased from co-conspirators and shipped at least some of the merchandise overseas.

q.    In or about 2003, co-conspirators used the credit reports to obtain credit cards in the names of various consumers.

r.    In or about 2004, co-conspirators used the credit reports to obtain credit cards in the names of various consumers.

(Title 18, United States Code, Section 371.)


COUNT TWO

(Fraud In Connection With Identification Documents)

The Grand Jury further charges:

25.    The allegations in paragraphs 1-14 and 23-24 are repeated, re-alleged and incorporated as if set forth fully herein.

26.    From in or about early 2000 through in or about early 2005, in the Southern District of New York and elsewhere, ADEWUNMI SHINABA, a/k/a "Shaba," the defendant, unlawfully, willfully and knowingly, did transfer, possess and use, in and affecting interstate and foreign commerce, without lawful authority, means of identification of other persons with the intent to commit, to aid and abet, and in connection with, unlawful activity that constitutes a violation of Federal law,

14

and that constitutes a felony under applicable State and local laws, and as a result, did obtain things of value aggregating $1,000 and more during a one-year period, to wit, SHINABA obtained at least approximately 200 credit reports containing consumers' names, social security numbers, and dates of birth and used that information to obtain thousands of dollars from consumers' bank accounts and credit card accounts.

(Title 18, United States Code, Sections 1028(a)(7), 1028(b)(1)(D), 1028(c)(3), and 2).

## COUNT THREE

(Possession of Access Devices)

The Grand Jury further charges:

26.   The allegations in paragraphs 1-14 and 23-24 are repeated, re-alleged and incorporated as if set forth fully herein.

27.   From in or about early 2000 through in or about early 2005, in the Southern District of New York and elsewhere, ADEWUNMI SHINABA, a/k/a "Shaba," the defendant, in an offense affecting interstate and foreign commerce, unlawfully, willfully and knowingly, and with intent to defraud, did possess fifteen and more access devices which were unauthorized access devices, to wit, hundreds of credit card and bank account numbers contained in at least approximately 200 consumer credit reports

15

which SHINABA obtained illicitly from the Credit Bureaus.

(Title 18, United States Code, Sections 1029(a)(3) & 2.)

### FORFEITURE ALLEGATION

28.  As the result of committing one or more of the
conspiracy, identification document fraud, and access device
fraud offenses, in violation of Title 18, United States Code,
Sections 371, 1028(a)(7), 1028(b)(1)(D), 1028(c)(3), 1029(a)(3)
and 2, as alleged in Counts One through Three of this Indictment,
ADEWUNMI SHINABA, a/k/a "Shaba," the defendant, shall forfeit to
the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28
U.S.C. § 2461, all property, real and personal, that constitutes
or is derived from proceeds traceable to the commission of one or
more of the offenses, including, but not limited to, a sum of
money equal to at least $1,000,000 in United States currency,
representing the amount of proceeds obtained as a result of one
or more of the offenses of conspiracy, identification document
fraud, and access device fraud offenses.

### Substitute Asset Provision

29.  If any of the above-described forfeitable
property, as a result of any act or omission of the defendant,
ADEWUNMI SHINABA, a/k/a "Shaba":

(a) cannot be located upon the exercise of due
diligence;

(b) has been transferred or sold to, or deposited

16

with, a third person;

(c) has been placed beyond the jurisdiction of the

Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which

cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C.

§ 853(p), to seek forfeiture of any other property of said

defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981, Title 28, United
   States Code, Section 2461, and Title 18, United States Code,
Sections 371, 1028(a)(7), 1028(b)(1)(D), 1028(c)(3), 1029(a)(3)).


_____          _____
FOREPERSON                           MICHAEL J. GARCIA
                                     United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v -

ADEWUNMI SHINABA,
        a/k/a "Shaba,"

                    Defendant.

### INDICTMENT
### S3 06 Cr. _____

(Title 18, United States Code, Sections
371, 1343, 1030(a)(2)(C),
(c)(2)(B)(i)-(iii), 1028(a)(7),
1029(a)(2), 1029(a)(3),
2314 and 2315 & 2)

                    MICHAEL J. GARCIA
                United States Attorney.

A TRUE BILL

                    *Mark Chao*
                        Foreperson.

*Indictment filed under seal 8/2/06*
*A/W issued*
*NJ FRANCIS*
*K S*